CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAY 0 1 2009
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| ADMIRAL INSURANCE CO., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5:08cv00055 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | **& ORDER** |
| ACE AMERICAN INSURANCE | ) | |
| CO. & ILLINOIS UNION | ) | By: Samuel G. Wilson |
| INSURANCE CO., | ) | United States District Judge |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Admiral Insurance Company's timely Motion to Amend the Judgment to Allow Prejudgment Interest, see Fed R. Civ. P. 6(a), 59(e), and Ace American Insurance Company's and Illinois Union Insurance Company's Motion to Stay Execution of Judgment Pending Appeal, see Fed. R. Civ. P. 62(d). The court now grants Admiral's motion and conditionally grants Ace and Illinois Union's motion.

**I.**

Admiral has moved to amend the judgment to allow for prejudgment interest. "[A] postjudgment motion for discretionary prejudgment interest constitutes a motion to alter or amend the judgment under Rule 59(e)." Osterneck v. Ernst & Whinney, 489 U.S. 169, 175 (1989); see also Hanson v. Cerrone & Assocs., Inc., No. 91-1872, 1993 WL 98777, at *3 (4th Cir. Apr. 5, 1993) (requiring such motions to be filed within Rule 59(e)'s 10-day deadline). State law governs the award of prejudgment interest in a diversity case. Hitachi Credit Am. Corp. v. Signet Bank, 166 F.3d 614, 633 (4th Cir. 1999). Although under Virginia's choice of law rules there is some question as to whether Tennessee law or Virginia law controls the award of prejudgment

interest in this case,[1] see Star Tech. Inc. v. Philips Med. Sys., N.A., Inc., No. 89460, 1991 WL 834852, at *1 (Va. Cir. Ct. Mar. 14, 1991) (concluding that because prejudgment interest is a matter of substantive law under Virginia's choice-of-law rules, the rule of lex loci applies), the court need not resolve this issue. Under the law of either jurisdiction the court exercises its discretion to award Admiral prejudgment interest at a rate of 6% accruing from the date when Admiral's contribution to the global settlement was transferred from its account.

Pursuant to Tenn. Code. Ann. § 47-14-123, prejudgment interest "may be awarded by courts or juries in accordance with the principles of equity at any rate not in excess of a maximum effective rate of ten percent (10%) per annum." Under Tennessee law, "[a]n award of prejudgment interest is within the sound discretion of the trial court," subject to a flexible standard. Myint v. Allstate Ins. Co., 970 S.W.2d 920, 927 (Tenn. 1998). Under that standard, prejudgment interest awards must be "fair" and "equitable," "keep[ing] in mind that the purpose of awarding the interest is to fully compensate a plaintiff for the loss of the use of funds to which he or she was legally entitled, not to penalize a defendant for wrongdoing." Id. "[I]f the existence or amount of an obligation is certain, this fact will help support an award of prejudgment interest as a matter of equity." Id. at 928. However, the "certainty of the plaintiff's claim is but one of many nondispositive facts to consider when deciding whether prejudgment interest is, as a matter of law, equitable under the circumstances." Id.

The court exercises its discretion to award Admiral prejudgment interest at a rate of 6%. Admiral has been without its $1 million contribution for over a year, and nothing suggests that it

---

[1] Although the parties stipulated that Tennessee law controlled the interpretation of Admiral's insurance policy, the parties have not briefed which law should control the award of prejudgment interest.

would be inequitable to require Illinois Union to pay prejudgment interest on this liquidated amount to make Admiral whole. The court determines that the rate of 6% is a reasonable rate of interest,[2] and it accordingly awards Admiral prejudgment interest at that rate accruing from December 10, 2007,[3] the date that Admiral's contribution to the global settlement was transferred from its account, until March 24, 2009.[4]

---

[2]This result would be the same under Virginia law. Under Virginia law, a court "may provide for interest on any principal sum awarded, or any part thereof, and fix the period at which the interest shall commence." Va. Code Ann § 8.01-382. Virginia law has set the prejudgment interest rate at 6%. Va. Code. Ann. § 6.1-330.54. Prejudgment interest "is designed to compensate the plaintiff who has been without relief for an extended period of time," Gill v. Rollins Protective Servs. Co., 836 F.2d 194, 198 (4th Cir. 1987), and an award of prejudgment interest is within the trial court's sound discretion, Hitachi Credit, 166 F.3d at 633. Although the court may award prejudgment interest even if there was "bona fide legal dispute," Gill, 836 F.2d at 199, in exercising its discretion the court "must weigh the equities in a particular case to determine whether an award of prejudgment interest is appropriate," Moore Bros. Co. v. Brown & Root., Inc., 207 F.3d 717, 727 (4th Cir. 2000).
Given the similar standards, the court also exercises its discretion under Virginia law to award Admiral prejudgment interest at the statutory rate of 6%.

[3]On April 27, 2009 the court conducted a teleconference to determine the appropriate date for prejudgment interest to begin accruing. Admiral then filed a supplement demonstrating that its $1 million global settlement check was dated November 11, 2007, but that the check endorsements show that the check was not posted until December 10, 2007.

[4]On March 24, 2009 the court entered its Final Order entering judgment in favor of Admiral Insurance Company. If Tennessee law applies, a court has discretion to include "the time the case was held under advisement" in awarding prejudgment interest. Cf. Gen. Constr. Contractors Ass'n, Inc. v. Greater St. Thomas Baptist Church, 107 S.W.3d 513, 526 (Tenn. Ct. App. 2003) (holding that the trial court did not abuse its discretion in including within its award of prejudgment interest the two-year period between the trial verdict and entry of final judgment); Varner Constr. Co., Inc. v. Marrs, No. W2000-01029-COA-R3-CV, 2002 WL 818234, at *12-14 (Tenn. Ct. App. Apr. 18, 2002) (holding that the trial court, in awarding prejudgment interest in the flat amount of $12,000, could "consider the unusual duration of this litigation as a factor in reducing the prejudgment interest so as to prevent unjust enrichment.").
If Virginia law applies, the March 24, 2009 end date is proper because prejudgment interest accrues until the date a court enters a money judgment, "even if the order or decree rendering the award does not conclude the cause or otherwise stays an immediate execution on the judgment." See Upper Occoquan Sewage Auth. v. Blake Constr. Co., Inc., 655 S.E.2d 10, 23

3

**II.**

Ace and Illinois Union have moved to stay the execution of judgment pending appeal by providing a supersedeas bond. Federal Rule of Civil Procedure 62(d) allows an appellant to stay the execution of judgment pending appeal by posting a supersedeas bond with the district court. "The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond." Fed. R. Civ. P. 62(d). "The purpose of the supersedeas bond is to secure the appellee from loss resulting from the stay of execution." Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n, 636 F.2d 755, 760 (D.C. Cir. 1980). Although the court does have the discretion to set the bond amount for less than the full judgment, "[b]ecause the stay operates for the appellant's benefit and deprives the appellee of the immediate benefits of his judgment, a full supersedeas bond should be the requirement in normal circumstances . . . ." Id. The court accordingly sets the supersedeas bond amount for the full judgment amount, including prejudgment interest, and conditionally grants the motion.

**III.**

Based on the foregoing, it is **ORDERED** and **ADJUDGED** that Admiral's Motion to Amend the Judgment to Allow Prejudgment Interest is **GRANTED** and Ace and Illinois Union's

---

(Va. 2008) (explaining that "the rendition of [an award of money damages] in an order or decree shall fix the date upon which post-judgment interest begins to accrue" and as a corollary accrual of an award of prejudgment interest "will be for the period fixed by the trier of fact until the date of the verdict, order, or decree.").

The court recognizes that because postjudgment interest is governed by federal law and will not begin to accrue until the entry of this Amended Final Judgment, see Scotts Co. v. Cent. Garden & Pet Co., 403 F.3d 781, 792-93 (6th Cir. 2005), there will be approximately a one month gap between the court's Final Order and its Amended Final Judgment for which Admiral will receive neither prejudgment nor postjudgment interest.

4

Motion to Stay Execution of Judgment Pending Appeal is **CONDITIONALLY GRANTED**. The execution of judgment is hereby **STAYED** for an additional period of ten (10) days. If within that time Illinois Union files an adequate supersedeas bond with the court, the stay shall continue in effect pending resolution of Ace and Illinois Union's appeal.

**ENTER**: This May 1, 2009.

_____
UNITED STATES DISTRICT JUDGE